HOLMES O. SLEIGHT *et al.*

*v.*

THE PEOPLE, etc., for use Weller Township.

1. TAXATION — *by municipal corporations — constitutional limitations.*
Under the constitution of 1848, as well as that of 1870, the legislature is
prohibited from authorizing the corporate authorities of counties, town-
ships, school districts, cities, towns and villages to assess and collect taxes
for any other than corporate purposes ; and it is indispensable to the valid-
ity of all taxes levied and collected for corporate purposes, that they shall
be uniform in respect to persons and property within the jurisdiction of
the body imposing the same.

2. SAME — *what is a "corporate purpose."* A tax imposed for the pay-
ment of a debt not incurred by the authority imposing the tax, and for the
payment of which it is in nowise responsible, is not for a corporate pur-
pose.

3. CONSTITUTIONAL LAW — *devoting county taxes and township taxes to
the payment of debt of a particular town.* A section in a railway charter
provided that the taxes to be collected from the company for county and
township purposes by the several counties and townships through which
the railroad ran, should be set apart by the county treasurer as a sinking
fund to redeem the principal of the bonds issued by any township or
townships in such county. It was claimed that the county taxes and the
township taxes levied upon the railroad by two townships, which had issued
no bonds, should have been set apart to create a sinking fund for two town-
ships which had issued railroad bonds, but the court *held* that this could
not be constitutionally done, as its effect was to devote taxes levied for
county and township purposes to the payment of the debt of the town-
ships which had issued their bonds, and to that extent increased the taxes
in the county and the other two townships to make up the deficiency thus
caused in their revenue, and therefore the law was unconstitutional and
void.

APPEAL from the Circuit Court of Henry county; the Hon.
GEORGE W. PLEASANTS, Judge, presiding.

Mr. C. DUNHAM, and Mr. T. E. MILCHRIST, for the appellants.

Mr. T. G. AYRES, and Mr. H. BIGELOW, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This is an action of debt against the treasurer of Henry county and his sureties, on his official bond, and the breach of duty charged is in refusing to set apart, as a sinking fund, and account to the town of Weller for certain taxes collected from the American Central Railway Company, for county and township purposes, in the years 1869, 1870, and 1871. The road of that company runs through the towns of Oxford, Clover, Weller, and a portion of Galva, in Henry county. Of these, Weller and Galva alone subscribed to the capital stock of the company, and issued their bonds in payment of the subscriptions. By the tenth section of an amendment to the company's charter, approved February 21st, 1859 (Laws of 1859, p. 529), it is enacted that "the taxes to be collected from said railroad company for county and township purposes, by the several counties and townships through which said railroad runs, shall be paid to and set apart by the county treasurer as a sinking fund, to redeem the principal of the bonds issued by any township or townships in such county."

The claim is made, and the court below held, that the entire tax collected from the railway company for county and township purposes, in the several towns through which the roac runs, should be paid to and set apart by the county treasurer as a sinking fund, to be applied *pro rata* in redeeming the principal of the bonds issued by the towns of Weller and Galva.

By § 5, art. 9, Const. 1848, it is provided: "The corporate authorities of counties, townships, school districts, cities, towns, and villages, may be vested with power to assess and collect taxes for corporate purposes; such taxes to be uniform in respect to persons and property within the jurisdiction of the body imposing the same. And the General Assembly shall require that all the property within the limits of municipal corporations, belonging to individuals, shall be taxed for the payment of debts contracted under authority of law." And by § 2 of the same article, it is required "that all taxes shall

be levied by valuation, so that every person and corporation shall pay a tax in proportion to the value of his, her or its property." Corresponding provisions will be found in §§ 1, 9, and 10, in art. 9 of the present constitution.

These are limitations upon the legislative department, prohibiting the enacting of laws conferring upon the corporate authorities of counties, townships, school districts, cities, towns, and villages, power to assess and collect taxes for any other than corporate purposes, and requiring, as an indispensable condition to the validity of all taxes levied and collected for corporate purposes, that they shall be uniform in respect to persons and property within the jurisdiction of the body imposing the same. *Harward* v. *St. Clair Drainage Co.*, 51 Ill. 130; *Primm* v. *City of Belleville*, 59 id. 142; *Trustees, etc.*, v. *The People*, 63 id. 300.

A tax cannot be levied for county or township purposes on property which is not subject to the jurisdiction of the authority levying the tax; and the property of the railway company in the county, and in each township, must be subject to the same taxation as other taxable property there situated, for county and township purposes; and no property can be held for the payment of a county or township tax which is not levied for a corporate purpose.

Without undertaking to define what is a corporate purpose, it is very certain that a tax imposed for the payment of a debt not incurred by the authority imposing the tax, and for the payment of which it is in nowise responsible, is not for a corporate purpose.

Neither Henry county, nor the towns of Oxford or Clover, made any subscription to the capital stock of this railway company, or incurred any indebtedness, by issuing bonds or otherwise, on account thereof. Nor are they either indebted to the towns of Weller and Galva.

Neither Henry county, nor the town of Oxford or Clover could, therefore, levy and collect a tax in excess of the amounts needed for their respective corporate purposes, and equal to

the amount claimed for this sinking fund, because such a tax would not be for a corporate purpose.

But the claim here made is for taxes actually levied and collected for county and township purposes, from the railway company, in the towns of Oxford and Clover. If this amount shall be taken, then there must necessarily be a deficiency, to that extent, in the county and township revenues, which will have to be supplied by additional taxation. The property liable to taxation in one municipality will thus be compelled to bear a burden of taxation imposed by the corporate authority of a different municipality, and this, too, without its consent, and in the absence of any presumptive corresponding benefits. The principle upon which alone this can be sustained is, that the legislature may, in its pleasure, impose debts upon counties and townships and require their payment, without regard to the wishes of the inhabitants and tax payers of such counties and townships; for it is evident that the practical result is precisely the same, whether it is said the taxes levied for county and township purposes on the property of the railway company, in the towns of Oxford and Clover, shall be set apart for the payment of the bonds issued by the towns of Weller and Galva, or that the county and these townships shall pay a sum equal to that amount, out of their revenues, for the same purpose. In either event, it is taking so much of the revenues of the county, and of the towns of Oxford and Clover, to pay the debts of the towns of Weller and Galva. But it has been repeatedly held by this court that the legislature is powerless to impose a debt upon a municipality without its consent; and those cases must be deemed conclusive on the question involved here. *The People, etc., v. The Mayor, etc.,* 51 Ill. 18; *People* v. *Salomon,* id. 38; *People* v. *Chicago,* id. 58; *Madison Co.* v. *The People,* 58 id. 463; *Hessler* v. *The Drainage Com'rs,* 53 id. 105; *Lovingston* v. *Wider,* id. 302.

The judgment is reversed and the cause remanded.

*Judgment reversed.*