## FRANCIS M. ALLHANDS

*v.*

## THE PEOPLE *ex rel.* Charles A. Lukens.

TAXATION—*must be equal, and not imposed upon a part for the benefit of the whole.* A county treasurer, in answer to an application for a *mandamus* to compel him to pay over to the treasurer of a school district in his county certain taxes levied by the school directors on the property of a railroad company, which he had collected, set up that the township in which the school district was situated subscribed a certain sum to aid in the construction of the said railroad, and that, by the provision of the act of the General Assembly of April 16, 1869, entitled " An act to fund and provide for paying the railroad debts of counties, townships, cities and towns," he was required to pay into the State treasury all the taxes collected by him in the town in which the school district was situated, for any purpose whatever, on the assessments of railroads, etc., and that said town had issued bonds to the railroad company for the amount of its subscription, and that the same, with a considerable amount of accruing interest, remained unpaid: *Held,* that, as it did not appear that the town and school district were territorially the same, the answer was insufficient; that to allow such defense would be, in effect, to tax a part for the benefit of the whole, which is not admissible under the present constitution.

APPEAL from the Circuit Court of Vermilion county; the Hon. OLIVER L. DAVIS, Judge, presiding.

Mr. E. S. TERRY, for the appellant.

Mr. D. D. EVANS, and Mr. C. M. SWALLOW, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This is an appeal from an order of the court below, awarding a peremptory *mandamus* against the appellant, as county collector of Vermilion county, commanding him to pay to the relator, as township treasurer of township 23 north, range 12 west, certain taxes levied by school district No. 9, in that township, on the property of the Lafayette, Bloomington and Mississippi Railroad Company, which he has collected and has in his hands. ·

The defense interposed by the appellant is, that the town of Grant, in Vermilion county, in which said school district No. 9 is situated, subscribed $100,000 to aid in the location and construction of the Lafayette, Bloomington and Mississippi railroad, and that, by the provisions of the act of the General Assembly approved April 16, 1869, entitled "An act to fund and provide for paying the railroad debts of counties, townships, cities and towns," he is required to pay into the State treasury all the taxes collected by him in the town of Grant, for any purpose whatsoever, on the assessments of railroads in the town, for whose use the debt was incurred, including all property of the railroad whatsoever, etc.; and there is also the further allegation that the town issued bonds to the railroad company for the amount of the subscription, and that the same, with accruing interest to a considerable amount, remain unpaid.

We are unable to perceive that there is any difference in principle between the question thus presented and that decided in *Sleight et al.* v. *The People*, 74 Ill. 47, since it is not alleged that district No. 9 and the town of Grant are, territorially, the same. ·

If the defense should be allowed, the individual taxpayer in district No. 9 would have to pay as much more, *pro rata*, to raise the same amount of revenue for school purposes, as would thus be withdrawn from that fund. The effect is, practically, to impose on the school district the payment of so much of the debt of the town—in other words, to tax a part for the

benefit of the whole, which, on the principle announced in *Sleight et al.* v. *The People, supra,* is not admissible under the present constitution.

The judgment is affirmed.

*Judgment affirmed.*