### City of Kankakee v. Trustees Illinois Eastern Hospital.

1. CITIES AND VILLAGES—*Duty to Keep Sewers in Repair.*—It is the duty of a city, having established a sewer, to keep it in repair, and to see that it does not become a nuisance. And this duty it may be compelled to perform by a bill in equity, for the abatement of the nuisance.

Bill to Abate a Nuisance.—Appeal from the Circuit Court of Kankakee County; the Hon. CHARLES STARR, Judge, presiding. Heard in this court at the December term, 1895. Affirmed. Opinion filed June 1, 1896.

PADDOCK & COOPER, attorneys for appellant.

GRANGER & DAVIDSON, attorneys for appellees; W. R. HUNTER, of counsel.

MR. JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

This suit was commenced by the trustees of the Hospital for the Insane at Kankakee for the purpose of compelling appellant to repair a certain sewer, with which the city had permitted the hospital to connect, and to restrain it from stopping up or removing the same. On the hearing in the Circuit Court the relief prayed for in the bill was granted.

The following are the material facts as disclosed by the record before us. In 1877, before the location of the Illinois Eastern Hospital, the city council of Kankakee, as an inducement to the commissioners representing the State and the

proposed hospital, passed a resolution pledging the city to construct a good sewer of sufficient capacity from the lands of the hospital to the Kankakee river if the commissioners would locate the hospital upon certain lands adjacent to the south side of the city. The hospital was so located and buildings erected upon the lands, which now accommodate over two thousand patients. The city constructed a sewer eighteen inches in diameter, within its corporate limits, and through the streets to the river at a point below where its water supply is obtained, and permitted the hospital authorities to connect with it. The sewer from the hospital buildings has been connected with the one in question ever since its construction. It is the only outlet through which the sewerage of the institution can pass and is of ample capacity, if kept clear and in good repair. Of late years the city has neglected this sewer and has suffered the roots of trees and other obstructions to accumulate in it to such an extent that the sewerage was not carried off, thereby creating a nuisance.

Assuming that this suit is one to enforce the performance of a contract, counsel for appellant have argued with great vigor that the agreement to construct the sewer, in consideration of the commissioners locating the hospital on lands adjacent to the city, and the subsequent construction of it were *ultra vires*. They also contend that the decree compels the city to do more than the agreement, which was simply to construct a sewer, not to keep it in repair. Their argument is upon a misconception of the scope of the bill and decree. The law is well settled in this State that a municipal corporation can not incur obligations except for corporate purposes. It must be conceded that the building of a sewer for the exclusive use of a State institution, located outside of the city limits, is not a corporate purpose. A contract to build such a one in consideration of the location of the institution at a particular place is *ultra vires* and can not be enforced. Livingston County v. Weider, 64 Ill. 427; Sleight et al. v. People ex rel., 74 Ill. 47.

This suit, however, is not to enforce the performance of a contract, but to abate a nuisance and prevent the doing of

an act which would endanger the health of a large number of the State's citizens and wards.

The sewer in question is a legitimate improvement of the city. Constructed entirely within the corporate limits and within the public streets, it is exclusively within the control of the corporate authorities. Several residents and tax payers of the city have, by permission of the city council, connected with it. It is the duty of the city, having established it, and made it a public sewer, to keep it in repair to the same extent that it is to keep in repair one of its streets.

We are disposed to regard the resolution of the city council, passed in 1877, the construction of the sewer, and the action taken by the trustees in connecting the hospital sewer with it, as amounting simply to permission on the part of the city to the hospital authorities to connect with a public sewer of the city and an acceptance and exercise of the permission by them.

We are therefore of the opinion that the decree rendered by the Circuit Court is proper. Decree affirmed.