(No. 35203.— )

BOARD OF LIBRARY DIRECTORS OF WEST DEERFIELD TOWN-
SHIP, Appellant, *vs.* THE CITY OF LAKE FOREST *et al.,*
Appellees.

*Opinion filed September 24, 1959.*

Norman, Engelhardt & Zimmerman, of Chicago, (Allyn J. Franke, and Harold W. Norman, of counsel,) for appellant.

John E. Baker, Jr., and Tenney, Sherman, Bentley & Guthrie, both of Chicago, (John E. Baker, Jr., and John P. Forester, of counsel,) for appellees.

Mr. Justice Davis delivered the opinion of the court:

This case presents the question of the constitutionality of the 1955 amendments to sections 1 and 10 of the Library Act. (Ill. Rev. Stat. 1957, chap. 81, pars. 1 and 10.) In general, these sections provide that where any city, village or incorporated town, which levies a library tax, is wholly or partially located within a township which likewise levies a library tax, the township shall pay to such municipality the entire amount of the township library taxes, levied and collected on the property located in the portion of the township that lies in such municipality; and that the municipality, upon receipt of such funds from the township, shall reduce and abate, from the library tax which it has levied, a rate that will produce the amount received from the township.

This action was brought by the plaintiff, Board of Library Directors of West Deerfield Township, to enjoin the township collector and township clerk from paying over to the cities of Lake Forest and Highland Park the pro-

ceeds of the township library taxes collected on property lying within those cities, and to declare sections 1 and 10 of the Library Act unconstitutional. The trial court entered a decree for defendants on the pleadings, and plaintiff has appealed directly to this court.

West Deerfield Township, pursuant to the provisions of "An Act to authorize cities, villages, incorporated towns and townships to establish and maintain free public libraries and reading rooms," as amended, (Ill. Rev. Stat. 1957, chap. 81, pars. 1-16 incl.,) has established and maintains a library located wholly within West Deerfield Township and a township tax has been levied and collected for its maintenance.

The cities of Lake Forest and Highland Park are located partially within West Deerfield Township and both maintain tax-supported libraries pursuant to this act which are situated within the portion of each city outside of West Deerfield Township. The residents of the township who reside outside the city limits of Lake Forest and Highland Park are not permitted the free use of the library maintained by either of these cities. Lake Forest permits nonresidents to use the facilities of its library for an annual fee of $2 per person and Highland Park permits such use for an annual fee of $3 per person or $7.50 per family.

In 1957, the city of Highland Park levied a tax for the use of its public library at the rate of $11.20 per $10,000 of assessed valuation, and in 1958 such levy was at the rate of $19. The maximum rate for library purposes is $20 per $10,000 valuation. Ill. Rev. Stat. 1957, chap. 81, par. 10.

Plaintiff contends that the 1955 amendment requiring the township to pay such library tax to such cities contravenes sections 9 and 10 of article IX of the constitution of 1870, which requires uniformity of taxation and prohibits the General Assembly from imposing taxes upon the property of municipal corporations for corporate purposes. De-

fendants reply that the 1955 amendment accomplishes the beneficial purpose of avoiding a duplication of taxes in the overlapping area of these municipalities within the framework of the constitution.

To view the question presented in its proper context, we must first examine the undisputed history of the Library Act and the 1955 amendments. The legislature first authorized the levy of taxes for the establishment and maintenance of free public libraries by a city or incorporated town in 1872, but no provision was made for the issuance of bonds. (Laws of 1871-2, p. 609; Rev. Stat. 1874, chap. 81, par. 1.) In 1891, section 13 was added to the act of 1872. It authorized the councils of cities to issue bonds for library purposes. (Laws of 1891, p. 154; Hurd's Stat. 1891, chap. 81, p. 906.) By the act of 1905, the legislature authorized the directors of township libraries to issue bonds. (Laws of 1905, p. 313; Hurd's Stat. 1905, chap. 81, p. 1309.) In 1939, the original act of 1872 was amended to permit both townships and cities to issue bonds and levy taxes for library purposes upon an equal basis. (Laws of 1939, p. 694.) As a result of these enactments, the Library Act, as amended prior to 1955, authorized the issuance of bonds and the levy of taxes by townships, cities, villages and incorporated towns for library purposes.

Consequently, a property owner who was a resident of that part of Lake Forest or Highland Park lying within the township of West Deerfield would be compelled to pay a tax for the purpose of establishing and maintaining the library of both the city and the township. Certain of such residents claimed this burden of double taxation was unconstitutional, and sought to enjoin the levy of the tax and also sought legislative relief. In *Dugan* v. *Berning*, 11 Ill.2d 353, we upheld the statute and at page 359 stated: "The alleged inequities of which the plaintiff complains are beyond the reach of the courts."

The legislature, however, was cognizant of the problems in the area of overlapping municipalities and enacted the presently disputed 1955 amendments to the end that a taxpayer in such area would be required to pay but one tax for the establishment and maintenance of a library, which tax should ultimately be used by the library of the city of which he is a resident.

In examining the amendment embodying this legislative solution, we must indulge in a strong presumption of its constitutionality. (*Department of Public Works and Buildings* v. *Butler Co.* 13 Ill. 2d 537; *People ex rel. Royal* v. *Cain,* 410 Ill. 39; *People* v. *Deatherage,* 401 Ill. 25.) In *Dugan,* we held that it was not within the province of judicial competence to solve the taxing problems of overlapping municipalities; so also in the case at bar, we have no right to reject the legislative solution of such problems in the absence of clear constitutional prohibitions.

In the present case, plaintiff contends that such prohibitions are contained in sections 9 and 10 of article IX of the constitution of 1870, which provide as follows:

"9. The general assembly may vest the corporate authorities of cities, towns and villages with power to make local improvements by special assessment, or by special taxation of contiguous property, or otherwise. For all other corporate purposes, all municipal corporations may be vested with authority to assess and collect taxes; but such taxes shall be uniform in respect to persons and property, within the jurisdiction of the body imposing the same.

"10. The general assembly shall not impose taxes upon municipal corporations, or the inhabitants or property thereof, for corporate purposes, but shall require that all the taxable property within the limits of municipal corporations shall be taxed for the payment of debts contracted under authority of law, such taxes to be uniform in respect to persons and property, within the jurisdiction of

the body imposing the same. Private property shall not be liable to be taken or sold for the payment of the corporate debts of a municipal corporation."

It is urged that the abatement provisions of the present act violate the uniformity requirement of the constitution, since the taxes paid by a taxpayer of the township who resides in either city are to be used ultimately to maintain the city library rather than the township library. It is clear, however, that the levy and assessment of the township library tax operates uniformly upon all taxable property within the township, and the city library tax operates uniformly on all taxable property within the city. To invalidate this tax, the uniformity requirement of the constitution must be construed to apply not only to the levy and assessment of the tax, but also to the disposition of the tax after collection.

While the uniformity of levy and assessment is the inexorable command of the Illinois constitution, this same standard of uniformity is not generally held to be applicable to the disposition of the tax after collection. (Cooley, Taxation, 4th ed., 1924, sec. 1816.) The rule to be gathered from the cases decided in States which likewise have the constitutional limitation of uniformity, is that lack of uniformity in the imposition of a tax is fatal to the levy, but if the tax is imposed with equality and uniformity and collected for the public welfare, the rule does not apply to inequality of distribution. (*Jamison* v. *City of Charlotte*, 239 N. C. 682, 80 S.E.2d 904; *State ex rel. Lampson* v. *Cook*, 44 Ohio App. 501, 185 N.E. 212; *Amos* v. *Mathews*, 99 Fla. 1, 126 So. 308; *Inhabitants, Bayville* v. *Inhabitants, Boothbay Harbor*, 110 Me. 46, 85 Atl. 300.) We therefore conclude that the 1955 amendments which provided for the equal levy and assessment of a library tax upon all taxable property within the township, do not offend the constitutional requirements of uniformity.

While the command of uniformity governs the levy and assessment of a tax, the distribution of the tax is limited by the admonition that the proceeds of the tax must be used for the "corporate purposes" of the municipality levying the tax. Plaintiff argues that the 1955 amendments either create a tax for a noncorporate purpose, or purport to authorize a diversion of tax funds from the corporate purpose for which they were levied. While it is conceded that the establishment and maintenance of a township library is a proper corporate purpose, plaintiff contends that it is not a proper corporate township purpose to expend tax money for a city library to which all of the residents of the township do not have free access.

What constitutes a local corporate purpose must be determined from the facts and circumstances of each particular case. Corporate purposes have been broadly defined as only those which are germane to the objects for which the corporation was created, or which have a legitimate connection with such objects and a manifest relation thereto. (*People ex rel. Illinois Armory Board* v. *Kelly*, 369 Ill. 280; *Kocsis* v. *Chicago Park Dist.* 362 Ill. 24.) The term "corporate purpose" should not receive a narrow or rigid construction. Rather the essential inquiry should be whether the expenditure of the tax moneys "promote the general prosperity and welfare of the community which levies it." *People ex rel. Illinois Armory Board* v. *Kelly*, 369 Ill. 280, 286; also see: *Taylor* v. *Thompson*, 42 Ill. 9, 12 and 13.

When the Library Act is so viewed, we cannot say that the maintenance of a city library, without fee, conveniently accessible to all residents of such city who constitute a substantial portion of the residents of a township, does not directly promote the general welfare of the township. Nor does the fact that township residents who reside in the cities receive a greater benefit than others alter our view. As the United States Supreme Court stated in

*Thomas* v. *Gay,* 169 U.S. 264, 278, 42 L. ed. 740, 746: "The cases, both state and Federal, are numerous in which it has been held that taxes, otherwise lawful, are not invalidated by the allegation, or even the fact, that the resulting benefits are unequally shared."

We have long upheld a similar procedure under section 59 of the Roads and Bridges Act, (Ill. Rev. Stat. 1957, chap. 121, par. 65,) which provides that one half of the road and bridge tax levied by the township highway commissioner on property lying within a city, village, or incorporated town shall be paid over to such municipality for the improvement of roads, streets and bridges therein under the direction of the corporate authorities of the recipient municipality. Such a levy was upheld against the contention that it was not for a corporate purpose of the township in *Peoria and Pekin Union Railway Co.* v. *People ex rel. Jaeger,* 144 Ill. 458, and in *People ex rel. Roche* v. *Cairo and Thebes Railroad Co.* 319 Ill. 118, where we said at page 123: "The validity of the tax is not affected because a portion of it is to be expended under the direction of the corporate authorities of a city within the road district."

Plaintiff seeks to avoid the compelling precedent of these cases on the ground that the Roads and Bridges Act requires that such tax moneys be spent within the township, and for road and bridge purposes, while under the Library Act, the funds may be spent to establish or maintain a city library outside of the township; and that the act does not specifically require such funds to be used for library purposes. We do not consider these distinctions significant.

We believe that the only fair construction of the Library Act is that the tax moneys paid over to the cities must be used for library purposes rather than the general corporate purposes of the city. Section 10 of the act reflects the object and purpose of the levy, provides for the payment of the funds only to a municipality which levies a similar

tax, and requires a proportional abatement of that tax. The history, purpose and language of the act compels a construction that the funds turned over to the municipalities may be used only for library purposes. (*Peoria and Pekin Union Railway Co. v. People ex rel. Jaeger,* 144 Ill. 458, 470-471.) This is especially true in the light of the well recognized canon of construction that where a statute is susceptible of two interpretations, one of which will render it unconstitutional and the other which would declare it valid, we must adopt that which is consonant with its validity. *People ex rel. Adamowski* v. *Metropolitan Sanitary Dist.* 14 Ill.2d 271, 278; *People ex rel. Gregg* v. *Tauchen,* 415 Ill. 91, 103; *People ex rel. Royal* v. *Cain,* 410 Ill. 39, 47.

Nor does the fact that the libraries maintained by the cities of Lake Forest and Highland Park are located outside the geographical boundaries of the township invalidate the levy. As we have stated, the true test is the enhancement of the general welfare of the township levying the tax. Its boundary line does not insulate its inhabitants from the obvious advantage of libraries located in such cities lying partly within the township. The concept of corporate purpose is too broad to depend on whether such libraries, which serve a large segment of the residents of the township who also reside in such cities, are located on one side, or the other, of an imaginary township line—it must rather depend on whether it can be said that the existence of these institutions redounds to the benefit of the taxing township. We believe they do.

As stated in 84 C.J.S., Taxation, sec. 17, page 70: "A tax cannot lawfully be imposed on any one political subdivision or organized community for the sole benefit of another, but there may be special or local taxation for special or local purposes of a public character and beneficial to the community which pays the tax, even though the benefits do not accrue entirely to such community or direct

benefits do not accrue to all the property within the community. If any appreciable benefit accrues to the district or community taxed, it is sufficient although the improvement is located elsewhere."

We therefore conclude that a substantial benefit accrues to the township from a library located in a city partly within its boundaries, even though the library itself is outside the township, and that pursuant to the provisions of section 10 of the Library Act, the expenditure of tax moneys for such library is a proper corporate purpose of the township.

Plaintiff finally contends that the legislature has, by the 1955 amendments, created a debt due the cities from the township, without the consent of township authorities, in violation of section 10 of article IX of the Illinois constitution. It cites *People ex rel. Burow* v. *Block,* 276 Ill. 286; *Morgan* v. *Schusselle,* 228 Ill. 106; *Sleight* v. *People,* 74 Ill. 47; and *Lovingston* v. *Wider,* 53 Ill. 302, in support of this contention. We have carefully examined these cases and consider their rationale to be inapplicable here. The debt or tax referred to therein was imposed upon the municipality by persons or a governing body other than the corporate authority thereof.

The prohibition of the constitution is that one municipality may not force another to levy taxes to pay a debt which it did not incur or for the corporate purpose of the other municipality. Such circumstances do not exist in the case at bar. As in the Roads and Bridges Act cases, the duty to pay over to another municipality does not arise until the proper corporate authority of the taxing township levies the library tax. Under the Library Act, the legislature, in order to eliminate existing inequities, authorizes a township, in its discretion, to levy a tax for library purposes, provided, however, if it does so, and any city which is wholly or partially located within such township likewise levies a library tax, the township must pay over to such city that portion of the tax collected from property located

within the township and within such city. Neither the legislature, nor the city involved, has imposed a debt upon the township in the sense prohibited by the constitution and the tax under consideration is levied by the township and not by the city.

We therefore conclude that the 1955 amendments to the Library Act are within the constitutional power of the legislature, and that the tax authorized is uniform in its levy and assessment and is levied for a proper corporate purpose of the township. The decree of the trial court must accordingly be affirmed.

*Decree affirmed.*