(No. 36079.—

THE PEOPLE *ex rel.* LUCIAN GASTON, County Collector, Appellee, *vs.* SOUTHERN RAILWAY COMPANY, Appellant.

*Opinion filed January 20, 1961.*

MURRAY & STEPHENS, of Centralia, and COSTELLO, WIECHERT, ROBERTS & GUNDLACH, of East St. Louis, for appellant.

BASIL WILSON, State's Attorney, of Salem, and CRAIN & HALL, of Centralia, for appellee.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

This is an appeal from an order of the county court of Marion County overruling defendant's objections to plaintiff's application for judgment for delinquent taxes for the year 1958 and entering judgment for the delinquent amount. The basis of defendant's objections is the claim that an election authorizing a higher tax rate limitation for the Centralia Fire Protection District than the rate otherwise provided by statute is invalid.

The facts are not in dispute. The Centralia Fire Protection District was organized May 11, 1954, under "An Act in relation to fire protection districts," approved July 8, 1927, as amended. (Ill. Rev. Stat. 1953, chap. 127½, pars. 21 *et seq.*) Section 14 of that act (par. 34) authorizes the board of trustees of a fire protection district to levy a tax for corporate purposes at a rate not exceeding .125% of the full, fair cash value. The same section provides that this limitation may be increased by referendum to .25% and prescribes the form of ballot to be used. On July 13, 1954, the voters of the district approved a proposition to increase the maximum allowable tax rate to .25%. The form of ballot used was that prescribed in the statute.

Section 14 of "An Act in relation to fire protection districts" provides that the limitations upon tax rates contained therein are subject to the provisions of the General Revenue Law of Illinois. The term "General Revenue Law of Illinois" is defined in section 1.23 of "An Act to revise the law in relation to the construction of statutes" (Ill.

Rev. Stat. 1953, chap. 131, par. 1.23) as referring to the Revenue Act of 1939, together with all existing and future amendments thereto and modifications thereof, and all rules adopted pursuant thereto. Section 162c of the Revenue Act of 1939 (Ill. Rev. Stat. 1953, chap. 120, par. 643c) provides: "Any tax rate limitation contained in any Act subject to the General Revenue Law of Illinois is hereby reduced effective January 1, 1952, to 80% of the rate contained in such Act."

Both parties apparently concede that section 162c of the Revenue Act of 1939 had the effect of reducing the effective maximum tax rate for fire protection districts to .10% in the absence of a referendum and .20% with a referendum, and the tax for 1958 (the year in question) was extended at the .20% rate. Defendant, however, takes the position that, since the election purported to increase the limitation to .25%, rather than .20%, it was wholly void, and contends that the district was limited to a rate of .10%, just as if no election had been held.

Defendant cites numerous cases for the general proposition that an election for a greater tax than authorized by statute is null and void. In each of these cases, however, the election either was not authorized by statute or was held in a manner different from that prescribed by the legislature. Here the procedure followed and the form of ballot used were in exact literal compliance with the express statutory provisions.

We do not regard our decision in *People ex rel. Kramer* v. *Chicago Burlington and Quincy Railroad Co.* 8 Ill.2d 382, relied upon by defendant, as determinative of the present issue. That case involved the validity of an election under section 162a of the Revenue Act of 1939 (Ill. Rev. Stat. 1947, chap. 120, par. 643a) to increase the tax rate limit for educational purposes of a school district. The ballot form prescribed by section 162a required the ballot to show the "maximum rate otherwise applicable

to the next taxes to be extended" as well as the maximum rate proposed to be authorized by the election. The ballot used in the election showed the maximum rate otherwise applicable to the next taxes to be extended as .50%, whereas the maximum rate actually applicable after giving effect to the debasement provisions of section 162a was .275%. Thus the voters were given the impression that the proposition was to raise the applicable limitation only from .50% to .51%, whereas it would actually raise the limitation from .275% to .51%. No such factors are present in the instant case. The proposition as stated on the ballot was to increase the maximum allowable tax rate to .25%, the exact figure set forth in the ballot form prescribed by the applicable statute. Again following the precise form of ballot prescribed by the statute, the proposition submitted to the voters contained no mention of the otherwise applicable rate. If any of the voters were misled at all by the way the proposition was stated, it would be because they may have been under the impression that, if the proposition carried, the district could immediately levy taxes at a rate of .25%, whereas the maximum rate would actually be .20% until such time as section 162c of the Revenue Act of 1939 would be amended or repealed. To the extent that any voters may have been misled, this would have worked against rather than in favor of the proposition, and obviously did not affect the result of the election.

Defendant contends that the statutory ballot form properly applicable to the election in question is that set forth in section 162a of the Revenue Act of 1939 rather than section 14 of the Fire Protection District Act. Section 162a, as it existed at the time of this election in 1954, specifically provided that the limitations contained therein did not affect tax rates of taxing districts created after December 31, 1945, nor tax rates subject to limits established by referendum held after December 31, 1945. Since the Centralia Fire Protection District was created on May

11, 1954, and the referendum was held on July 13, 1954, section 162a obviously had no application. It is unnecessary to explore the labyrinthine maze of section 162a of the Revenue Act of 1939, with its proliferation of amendments, to determine what applicability, if any, that section might have to a referendum held at the present time. For this appeal, it is sufficient to hold that the section did not govern this election held in 1954.

It is obvious that section 162c of the Revenue Act of 1939 (Ill. Rev. Stat. 1953, chap. 120, par. 643c), reducing certain tax rate limitations to 80% of those otherwise applicable, was intended as temporary legislation designed to afford the taxpayer a cushion against the immediate impact of the full assessment program, and it was not intended that this 80% limitation would remain in effect indefinitely. In fact, the General Assembly, by act approved July 22, 1959, amended section 162c to remove the 80% limitation by providing that any tax rate "heretofore reduced by the operation of this Section shall hereafter be in effect in accordance with other provisions of law applicable thereto." (Ill. Rev. Stat. 1959, chap. 120, par. 643c, as amended by H.B. No. 365.) Under the construction urged by defendant, a fire protection district holding an election under section 14 of the Fire Protection District Act between January 1, 1952, and July 29, 1959, could have voted to raise its tax rate limitation to only .20%, despite the express statutory provision authorizing a limitation of .25% to be established by an election. Then, under this interpretation, if the district desired to increase the limitation from .20% to .25%, it would be necessary to hold another election after July 29, 1959. We find nothing in either the Fire Protection District Act or the General Revenue Law of Illinois to justify such an interpretation. It is apparent, construing all the applicable statutory provisions together and giving proper effect to each, that the basic permanent rate limitation for fire protection districts is prescribed in

section 14 of the Fire Protection District Act. This basic permanent limitation was raised from .125% to .25% by the election held in 1954. This .25% limitation was, in effect, reduced to .20% by the 80% limitation of section 162c of the Revenue Act of 1939 (Ill. Rev. Stat. 1953, chap. 120, par. 643c) during the period of said limitation. When, however, the 80% limitation of section 162c is removed by appropriate legislation, the .25% limitation immediately goes into effect, subject to any applicable provision of the General Revenue Law of Illinois, and it is not necessary to hold another referendum to increase the limitation from .20% to .25%.

The election in question, having been held in conformity with the statutory provisions applicable thereto, is valid, and the trial court correctly overruled defendant's objections. The judgment of the county court of Marion County is affirmed.

*Judgment affirmed.*