A. M. Eisele, et al., Petitioner-Appellant, v. Morton Park District, Respondent-Appellee.

Gen. No. 69–41.

Third District.

April 29, 1970.

Moehle, Moehle, Reardon & Sincock, of Peoria, and Don B. Pioletti, of Eureka, for appellants.

Frank M. Wanless, of Morton, for appellees.

RYAN, J.

In this action Petitioner-Appellant, A. M. Eisele, together with others, sought to disconnect certain terri-

tory from the Morton Park District, a Municipal Corporation, Respondent-Appellee. The Circuit Court of Tazewell County dismissed said petition because not filed in apt time, from which judgment petitioner has appealed.

The facts set forth in the petition are undisputed. Pursuant to a petition and order under section 2, chapter 105, Ill Rev Stats 1967, an election was held on June 24, 1967, on the question of organizing a park district. The election also included the election of park commissioners who would take office if the formation of the district were approved. The judges of election made their returns to the Circuit Court and on June 27, 1967, the court canvassed the returns and found that the majority of the electors had voted to organize the district. The order also declared the election of the five commissioners receiving the highest number of votes. This petition for disconnection was filed on June 26, 1968. The petition was dismissed on motion of appellee park district which motion alleged that the petition was not filed within the time required by section 3–6b, chapter 105, Ill Rev Stats which section provides, ". . . such petition shall be filed within one year after the park district is organized. . . ."

The very narrow question presented on this appeal is when is a park district organized? Was the district organized on June 24, 1967 (the date of the election) or June 27, 1967 (the date the returns were canvassed and result declared)? If the period commences with the earlier date, then the petition was filed too late. If the period commences with the later date, then the petition was filed within the proper time.

Section 3–6b, chapter 105, Ill Rev Stats 1967, which describes the period of time within which the petition to disconnect must be filed, refers to the organization of the district as the event which commences the one

228

year period. Such section does not specify the event which determines when a park district is organized.

So far as Illinois precedents are concerned, there appear to be none dealing directly with the issue at bar. The appellant argues that Western Nat. Bank of Cicero v. Village of Kildeer, 19 Ill2d 342, 167 NE2d 169 warrants a conclusion opposite to that of the trial court. In that case the court stated that under the language of the statute a village comes into legal existence at the time the results of the election are canvassed and the county court officially declares the results to be in favor of incorporation. The language to this effect, however, in the Village of Kildeer case was not necessary to the decision of the case and was dicta. Furthermore, the court in that case had before it a different statute than the one now under consideration.

The appellee relies principally on Indian Creek v. Petitioners for Disconnection, 27 Ill App2d 321, 169 NE 2d 598, in which the court stated that the village was organized on the date of the election held to vote upon the proposition of incorporation. Here again, this determination was not necessary to the decision of the case and the language was dicta. Again, as in the Village of Kildeer case the court had before it a statute different from that now under consideration. We consider neither of the above two cases persuasive on the point now before this court.

 The authority to create a municipal corporation is a legislative function and any attempt to delegate this authority to courts is a violation of the constitutional principle of separation of powers. 37 Am Jur Municipal Corporations, §§ 7 and 8; City of Galesburg v. Hawkinson, 75 Ill 152.

 The legislature may provide by general law for the creation of a municipal corporation on the happening of some future event such as the acceptance of the

provisions thereof by a vote of the people and such a provision does not constitute an unlawful delegation of legislative authority. People v. Reynolds, 5 Gilman (10 Ill) 1.

The power to enact laws necessarily includes the right in the lawmaking power (the legislature) to determine and prescribe the conditions upon which the law in a given case shall come into operation. People ex rel. v. Salomon, 51 Ill 37. The legislature may prescribe that the law will become effective on a certain date following its approval at an election. Erlinger v. Boneau, 51 Ill 94. It is competent for the legislature to pass a law which by its own terms may be made to depend "upon any other indifferent contingency the legislature in its wisdom may prescribe." Home Ins. Co. v. Swigert, 104 Ill 653.

In Blake v. The People for Use of Caldwell, 109 Ill 504, the statute providing for the organization of drainage districts provided for the performance of certain acts and a determination by the court that such acts had been performed and further provided:

> "and upon entering of such order of record said district is hereby declared to be organized as a drainage district."

The court stated at page 511:

> "It is the statute that creates the corporation,— not the county court; but the statute only becomes operative when the prescribed facts are found, and the finding is entered of record by the county court, as directed by the act."

The court here determined that the language of the act prescribed that the drainage district came into being at the time that the court entered the order declaring the same to be organized as a drainage district.

In certain school cases our courts have found in the language of the legislative act an expression of intent that the school district came into existence on the day of the election on the proposition of establishing the school district. People ex rel. Bodecker v. Community Unit School Dist. No. 316, 409 Ill 526, 100 NE2d 573; People ex rel. Smail v. Board of Education, Community Unit School Dist. No. 202 of Fayette County, 343 Ill App 362, 99 NE2d 385.

■ We conclude from an analysis of the authorities that the legislature may prescribe the future event which will bring into existence a municipal corporation. Such an event may be the election on the proposition. It may be the canvass of the results of the election and the entry of an order declaring the results thereof or it may be some other event prescribed by the legislature.

In examining the Park District Code (Ill Rev Stats 1967, chapter 105, section 1–1 et seq.) in search of an expression of legislative intent as to the event which shall bring a park district into existence, we note the usage of language in several sections of the Code which in our opinion is indicative of legislative intent. Section 2–6 is entitled "Canvass of Returns." This section provides as follows:

> "The judges at such *organization election* shall make return thereof to the said circuit judge. The said judge shall canvass such returns and shall enter an order upon the records of his court *determining* and *declaring* the *results* of the election. . . ." (Emphasis added.)

The italicized words of this section as above quoted are indicative of legislative intent. The legislature calls the election the "organization election" which is an expression of intent that it is the election which effects the organization of the district. Further, this section makes

231

it clear that the order of the court only determines and declares the results of the election. It does not provide as did the statute in Blake v. The People for Use of Caldwell, supra, "and upon entering of such an order of record said district is hereby declared to be organized."

Section 2–7 is entitled "District Deemed Organized" and provides in part:

". . . in case a majority of the votes cast upon the question so submitted shall be in favor of the establishment of such district, said district shall *then* be deemed organized. . . . (Emphasis added.)

The word "then" in this section refers back to the casting of a majority of votes in favor of the proposition as the event which brings into existence the district and does not refer to the canvassing of the results of the election and the entry of an order by the court declaring the same. Neither the canvass of the returns nor the entry of such an order is mentioned in this section 2–7 which is entitled "District Deemed Organized."

Finally, we find further expression of legislative intent on this subject in section 2–7.1 which is entitled "Two or more park districts within municipality—New district deemed organized." This section provides in part:

"In case of a proposal to organize a park district as provided in Section 2–2.1, the district shall be deemed organized if the proposal to organize . . . receives the favorable vote of a majority of all votes cast on the question, and also receives the favorable vote of a majority of the votes cast within each of the existing park districts . . . . *Thereupon* the old park districts shall cease to exist, and the newly organized district shall succeed to all of their property. . . ." (Emphasis added.)

232

In this section as in section 2-7 the canvass of the returns and the entry of an order by the court declaring the results of the election are not mentioned. The word "thereupon" as used in this section refers to the casting of the majority of the votes in favor of the proposition as being the event which brings a new district into being and dissolves the old district.

 From an analysis of the above provisions of the Park District Code we conclude that a park district is organized within the meaning of that term as used in section 3-6(b) on the date of the election on the proposition for the establishment of a park district and that the petition to detach therefrom must be filed within one year from the date of the election on the proposition.

Accordingly, the decision of the Circuit Court of Tazewell County is affirmed.

Affirmed.

STOUDER, P. J. and ALLOY, J., concur.