TOWN OF GODFREY et al., Plaintiffs-Appellants, v. CITY OF ALTON, Defendant-Appellee.

(No. 74-377; ▮▮▮▮▮

Fifth District—December 3, 1975.

Steven N. Mottaz, of Thomas, Mottaz & Eastman, of Alton, for appellants.

Thad R. Carter, of Coppinger & Carter, of Alton, for appellee.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal by the plaintiffs, Town of Godfrey *et al.*, from a judgment entered for the defendant, City of Alton, by the circuit court of Madison County on plaintiffs' action for a declaratory judgment or, in the alternative, a writ of mandamus.

The facts set forth in plaintiffs' complaint are undisputed. The Town

of Godfrey is a township organized and existing under the laws of the State of Illinois. The City of Alton is a municipal corporation organized and existing under the laws of the State of Illinois. Godfrey Township is in Madison County, which has a population in excess of 150,000. Godfrey Township contains territory in excess of 4 square miles and has a population in excess of 16,000. Plaintiffs want to submit to the voters of the Town of Godfrey the question of whether or not the entire Town of Godfrey should incorporate as a village. Section 2—3—5a of the Illinois Municipal Code (Ill. Rev. Stat. 1973, ch. 24, par. 2—3—5a) provides, in pertinent part:

> "Whenever in any county of 150,000 or more population * * * any area of contiguous territory contains at least 4 square miles and 2500 inhabitants residing in permanent dwellings, that area may be incorporated as a village * * *.
>
> * * *
>
> If [however] the area lies within 1½ miles of the limits of any existing municipality, the consent of that municipality must be obtained before the area may be incorporated."

A request was made of the City of Alton for its consent to allow voters who are residents of Godfrey Township and not residents of the City of Alton, but who reside within the 1½-mile zone of the City of Alton to vote on the question of incorporation, and to allow that area to incorporate. The City of Alton refused to give its consent.

The plaintiffs filed a complaint seeking a declaratory judgment declaring that portion of the statute requiring the consent of any existing municipality before the area within 1½ miles of that municipality can incorporate as a village unconstitutional. The plaintiffs contended in their complaint that the consent requirement was unreasonable, arbitrary, vague, and discriminatory. In the alternative, the plaintiffs sought a writ of mandamus compelling the City of Alton to grant its consent. The trial court entered judgment for the defendant after finding "that the statute in question is not unconstitutional." This appeal followed.

In addition to agreeing to the foregoing facts the parties each agree to the following principles of law: first, that the legislature has control over the creation and the corporate boundaries of municipalities located within the State of Illinois; secondly, that municipalities have no power beyond their corporate limits except as provided by statute; and lastly, that the legislature can delegate authority to municipalities to control beyond its boundaries when such constitutes a valid exercise of police power. The consensus between the parties terminates at this juncture and herein lies the dispute between the parties—the constitutionality of the statutory provision requiring the Town of Godfrey to secure the consent

of the City of Alton before it may incorporate as a village (Ill. Rev. Stat. 1971, ch. 24, par. 2—3—5a).

The plaintiffs contend on appeal that such a requirement is, (1) an unlawful delegation of legislative authority, (2) without adequate standards and guidelines, (3) in violation of the constitutional prohibition against laws granting special privileges or immunities, and (4) in violation of the constitutional prohibition against the passage of special or local laws when a general law is or can be made applicable. No argument is, however, advanced concerning the propriety of the trial court's denial of plaintiffs' request for a writ of mandamus.

Prior to commencing our review of the plaintiffs' contentions we consider it helpful to reiterate the general policy and procedure for review of a statute's constitutionality. A strong presumption of constitutional validity attaches to a legislative enactment. (*Livingston v. Ogilvie*, 43 Ill.2d 9, 250 N.E.2d 138; *Board of Library Directors v. City of Lake Forest*, 17 Ill.2d 277, 161 N.E.2d 272.) Doubts are resolved in favor of constitutionality (*People ex rel. City of Salem v. McMackin*, 53 Ill.2d 347, 291 N.E.2d 807), and the burden of showing unconstitutionality is on the party who asserts it (*Lehnhausen v. Lake Shore Auto Parts Co.*, 410 U.S. 356, 35 L.Ed.2d 351, 93 S.Ct. 1001, *rehearing denied*, 411 U.S. 910, 36 L.Ed.2d 200, 93 S.Ct. 1523, *on remand*, 54 Ill.2d 237, 296 N.E.2d 342, *cert. denied*, 414 U.S. 1039, 38 L.Ed.2d 329, 94 S.Ct. 539; *Morey v. Doud*, 354 U.S. 457, 1 L.Ed.2d 1485, 77 S.Ct. 1344; *Jaris v. Public School Teachers' Pension & Retirement Fund*, 58 Ill.2d 15, 317 N.E.2d 51). In construing the provisions of a statute it is not only proper, but often necessary, to consider the provisions of other statutes relating to the same subject matter for the purpose of determining legislative intent. (*Petterson v. City of Naperville*, 9 Ill.2d 233, 133 N.E.2d 371; *Hepner v. County Board of School Trustees*, 8 Ill.2d 235, 133 N.E.2d 39.) It is a cardinal rule of construction that in ascertaining legislative intent, courts should consider the reason for the enactment and the objectives sought to be obtained by the statute. *People v. Swartz*, 21 Ill.2d 277, 171 N.E.2d 777; *Petterson v. City of Naperville*, 9 Ill.2d 233, 133 N.E.2d 371.

The statute in question (Ill. Rev. Stat. 1971, ch. 24, par. 2—3—5a) is one of numerous statutes which enable a municipality to control the development of contiguous territory located within 1½ miles of its corporate limits and not contained within any other municipality. The legislature has seen fit to delegate to municipalities various powers over such contiguous territories including, for example, the power to zone (Ill. Rev. Stat. 1973, ch. 24, par. 11—13—1 et seq.). As early as 1921, the General Assembly provided for municipalities to establish a planning commission which had the power to provide "reasonable requirements

in reference to streets, alleys and public grounds in unsubdivided lands within the corporate limits and in contiguous territory outside of and distant not more than one and one-half miles from such limits, and not included in any city, village or incorporated town * * *." (Laws of 1921, p. 261.) The act as originally passed was not amended until 1949 when certain sections were renumbered and a new paragraph was added to one of the subsections. In 1953 these powers were further delineated and municipal planning commissions were empowered to provide "reasonable requirements for public streets, alleys, ways for public service facilities, parks, playgrounds, school grounds and other public grounds." (Ill. Rev. Stat. 1953, ch. 24, par. 53—2(2).) Our Supreme Court reviewed this statute in *Petterson v. City of Naperville*, 9 Ill.2d 233, 133 N.E.2d 371, and reached the following conclusions,

> "* * * there is nothing in these legislative provisions relative to the powers of counties which indicates that it was not the intention of the legislature to give exclusive control in those areas within one and one-half miles outside the territorial limits of a municipality to municipalities which have an official plan in effect in such territory. * * *
>
> * * *
>
> We believe the power to prescribe reasonable requirements for public streets in the interest of health and safety of the inhabitants of the city and contiguous territory includes more than the mere designation of the location and width of streets as plaintiffs seem to contend. The legislature undoubtedly had in mind the complex problems connected with the development of territory contiguous to cities as bearing on the health and safety of all inhabitants within and without the municipality; that in such territory, in the interest of uniformity, continuity, and of public health and safety, the streets should be constructed in such a way as to afford reasonably safe passage to the traveling public and provide reasonable drainage in the interests of health. * * * Considering the expressed object and purpose of the legislation, it is our conclusion that the provisions of the ordinance requiring curbs and gutters and proper drainage are within the powers conferred by the statute." 9 Ill.2d 233, 244-46.

Recently, our Supreme Court held that municipalities have the power to establish minimum set-back lines in contiguous territory. (*City of Carbondale v. Van Natta*, 61 Ill.2d 483.) This is another of the extensive powers included in section 11—13—1 of the Municipal Code (Ill. Rev. Stat. 1973, ch. 24, par. 11—13—1).

The plaintiffs do not challenge any of these powers since they evi-

dently, find them to be valid exercises of police power. Plaintiffs do, however, argue that the instant statute is not a valid exercise of police power. We do not agree.

■■ While the constitutional principle of separation of powers precludes the Legislature from delegating to the courts its authority to create municipalities (*e.g., Funkhouser v. Randolph*, 287 Ill. 94, 122 N.E. 144), this doctrine does not inhibit a similar grant to an existing municipality since municipalities fall within the legislative branch of government. As noted in *People ex rel. Landwer v. Village of North Barrington*, 94 Ill.App.2d 265, 237 N.E.2d 350, 354, *cert. denied*, 393 U.S. 1082, 21 L.Ed.2d 775, 89 S.Ct. 864, "Municipalities are mere creatures of the Legislature, created for convenience in the handling of day-to-day local problems." While the legislature's power to limit the power of existing home rule units has been circumscribed by the home rule provision of the 1970 Constitution (Ill. Const., art. 7, § 6), such provision in no way alters the legislature's control over the *creation* of municipalities within this State. Although our constitution provides a right for an existing municipality to become a home rule unit (Ill. Const., art. 7, § 6(a)), it contains no corresponding right to incorporate as a municipality. The creation of municipalities, *i.e.*, villages, remains the prerogative of the legislature, unfettered by any consideration of home rule. We find still applicable the language of the court in *Eisele v. Morton Park District*, 122 Ill.App.2d 226, 231, 258 N.E.2d 127, 130:

> "[T]he legislature may prescribe the future event which will bring into existence a municipal corporation. Such an event may be the election on the proposition. It may be the canvass of the results of an election and the entry of an order declaring the results thereof or it *may be some other event prescribed by the legislature*." (Emphasis added.) 258 N.E.2d 127, 130.

■■ The consent requirement of the challenged statute is incidental to, and not independent of, the valid exercise of police power by municipalities within this State. In the absence of the consent requirement, contiguous areas would be free to incorporate up to the corporate limits of any existing municipality. The effect of incorporation of contiguous areas would be to nullify all of the validly enacted municipal ordinances affecting such areas, thus abrogating all the plans and regulations designed to promote the uniform development of such areas. Our legislature in an attempt to protect the police powers it delegated to the municipalities, provided that incorporation of contiguous areas be contingent upon the consent of the affected municipality. We do not find such requirement repugnant to either our constitution or the United States Constitution, as claimed by the plaintiffs. Rather, we find the consent

984

requirement to be constitutionally permissible under the well recognized power of the State to control the formation of political subdivisions within its boundaries. We reject each of plaintiffs' arguments to the contrary.

● ■■ Specifically, we find that the legislature may lawfully impose the consent of its existing municipalities as one of the conditions precedent to creation of a new municipality, when the existing municipality has a real and substantial interest in the promotion of uniform development and in the perpetuation of its existing plans and regulations for the affected area. Similarly, the plaintiffs' failure to demonstrate that the legislative classification is unrelated to a substantial difference between areas within a mile and one-half of existing municipalities and all other areas not so situated precludes a finding that the challenged statute violates the constitutional prohibition against the passage of special or local laws since such difference does bear a proper relation to the purposes for which the statute was enacted. Finally, we find no merit in plaintiffs' argument that the challenged statute made "an irrevocable grant of special privileges or immunities" in violation of section 16 of article 1 of the Illinois Constitution of 1970.

Having found all of the plaintiffs' arguments to be without merit, we affirm the judgment entered in favor of the defendant by the circuit court of Madison County.

Judgment affirmed.

KARNS and G. MORAN, JJ., concur.