THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
RAYMOND STEVENS *et al.*, Defendants-Appellees.

First District (1st Division)    No. 80-1039

Opinion filed January 19, 1981.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr and Myra J. Brown, Assistant State's Attorneys, of counsel), for the People.

Stopka & Missirlian, of Chicago, for appellees.

Mr. JUSTICE McGLOON delivered the opinion of the court:

The State appeals from the trial court's dismissal of complaints against defendants Raymond Stevens and Gwendolyn Newbern charging possession of talwin, a controlled substance. Its principal argument is that the court's decision in *People v. Natoli* (1979), 70 Ill. App. 3d 131, 387 N.E.2d 1096, was misconstrued by the trial court as requiring dismissal of the charges.

■■ On April 18, 1979, defendants were arrested and charged by felony complaint with possession of more than 1000 grams of a substance containing talwin in violation of section 402 of the Controlled Substances Act. (Ill. Rev. Stat. 1977, ch. 56½, par. 1402(b).) Defendants argued an oral

motion to dismiss under *People v. Natoli* on May 24, 1979, maintaining that, insofar as it related to possession of a controlled substance, section 402 was struck down in its entirety by that decision as unconstitutional. The State argued in rebuttal that the constitutional infirmity established by *Natoli* was absent from the charges pending against defendants since possession of talwin under the Controlled Substances Act did not incur a more severe punishment than delivery of the same substance. Also discussed was an order entered on March 13, 1979, in an unrelated chancery action, by which, in effect, pentazocin (talwin) was declared to be temporarily regulated by Schedule IV of the Controlled Substances Act rather than by Schedule II.[1] Defendants claimed that, since this order was in effect on the date they were arrested and charged,[2] possession of talwin should be considered as a Schedule IV substance which would involve a more severe penalty than delivery thereof under the Controlled Substances Act. Thus defendants concluded that *Natoli* applied and the possession charges should be dismissed as denying them equal protection. The trial court granted defendants' motion to dismiss the complaints, indicating that it was taking "judicial notice" of the aforesaid chancery injunction.

Prior to September 6, 1979, when talwin was effectively added to Schedule II of the Act by Public Act 81-394, that drug was classified as a nonnarcotic Schedule II substance by order of the Dangerous Drugs Commission. (Ill. Rev. Stat. 1977, ch. 56½, par. 1201.) Manufacture or delivery of talwin, thus classified, was punishable as a Class 3 felony (Ill. Rev. Stat. 1977, ch. 56½, par. 1401(c)), while possession of talwin was also classified as a Class 3 felony (Ill. Rev. Stat. 1977, ch. 56½, par. 1402(b)).[3]

The State correctly argues that the appellate court's decision in *People v. Natoli* has been subsequently limited to those applications of the Act whereby a defendant was subject to a more severe penalty for possession than for delivery or manufacture of a particular controlled substance. (See *People v. Craig* (1979), 79 Ill. App. 3d 1019, 1022-23, 398 N.E.2d 1172; *People v. Bradley* (1980), 79 Ill. 2d 410, 419, 403 N.E.2d 1029.) In *Bradley*, our supreme court rejected the equal protection rationale of *Natoli*. However, in *Bradley*, the court held specifically that, because the penalties for delivery of Schedule II controlled substances were greater than or equal to penalties imposed for possession thereof,

---

[1] A copy of this order was apparently not included in the record on appeal; nevertheless, defendants have included a copy thereof in their brief and the State, without objection, has argued the effect of the order on the merits in its reply brief. We take judicial notice of this order. See H. Fins, Illinois Appellate Practice Under the New Constitution 504-08 (2d ed. 1977).

[2] The parties agree that on May 11, 1979, the same injunction court rescinded its prior order of March 13, 1979.

[3] By Public Act 81-583, effective September 14, 1979, possession of this substance became punishable as a Class 4 felony.

the latter were not contrary to the purposes of the Act and did not offend State due process considerations.

Defendants, however, do not in this appeal contest that the complaints lodged against them for possession of talwin are valid if talwin is considered a Schedule II substance; rather, they renew their argument that the injunction action made that substance, in effect, one classifiable only under Schedule IV. Conceding that in general the trial court is without power to enjoin enforcement of the criminal law (see, *e.g., People v. Goldman* (1972), 7 Ill. App. 3d 253, 254, 287 N.E.2d 177; *Kent v. City of Chicago* (1939), 301 Ill. App. 312, 314-15, 22 N.E.2d 799), they claim nevertheless that the relevant injunction in this instance reclassified the substance so as to prohibit enforcement of the Controlled Substances Act as to possession thereof under the holding of *Natoli.*

■■ ■ While possessing the virtue of originality, defendants' argument does not persuade us. A statute enjoys a strong presumption of constitutionality (*People v. Schwartz* (1976), 64 Ill. 2d 275, 281, 356 N.E.2d 8; *Livingstone v. Ogilvie* (1969), 43 Ill. 2d 9, 12, 250 N.E.2d 138), and where it was susceptible of two interpretations, one which would render it unconstitutional and another by which it would be valid, the alternative which is consonant with its validity must be adopted. (*Board of Library Directors v. City of Lake Forest* (1959), 17 Ill. 2d 277, 285, 161 N.E.2d 272; *People ex rel. Adamowski v. Metropolitan Sanitary District* (1958), 14 Ill. 2d 271, 278, 150 N.E.2d 361.) While it is not clear from the record whether the trial court's ruling was based upon *Natoli* alone, or upon that decision considered in conjunction with the injunction order, it cannot be sustained on either ground. As noted above, under *Natoli* and subsequent relevant statutory construction, the penalties applicable to possession of Schedule II substances are not constitutionally infirm. On the other hand, use of the subject injunction order, by "judicial notice" or otherwise, to regard talwin as a Schedule IV rather than a Schedule II substance raised an extraneous question of constitutionality by which an otherwise valid prosecution was nullified. Under these circumstances we find that the trial court erred in dismissing the instant charges against defendants. A trial court order, which is not appealed, carries with it the potency of *res judicata*, but does not possess the potency of *stare decisis.*

Accordingly, the dismissal order is reversed and the cause remanded for further proceedings consistent with the foregoing.

Reversed and remanded.

O'CONNOR and CAMPBELL, JJ., concur.