(No. 29469.— )
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HAROLD WITT, Plaintiff in Error.

*Opinion filed September 18, 1946.*

FULTON, J., took no part.

HAROLD WITT, *pro se.*

GEORGE F. BARRETT, Attorney General, and DAVID C. MEWHIRTER, State's Attorney, of Yorkville, for the People.

Mr. CHIEF JUSTICE GUNN delivered the opinion of the court:

Plaintiff in error, Harold Witt, was indicted August 8, 1933, by the grand jury of Kendall county, charged with robbery with a dangerous weapon. He entered a plea of guilty October 18, 1933. He had previously been convicted of a crime and was serving a life sentence under the Habitual Criminal Act. The crime involved in this case was committed during a period of his escape from the penitentiary, while serving the previous sentence.

The common-law record only has been filed, and the points made by plaintiff in error will be taken up and decided in the order of their assertion. The first point made is that the court of its own motion appointed counsel to represent plaintiff in error. The record shows when

plaintiff in error was first arraigned the cause was continued on his motion for the purpose of securing an attorney. Apparently he did not obtain an attorney, and October 18, 1933, the record shows an attorney was appointed by the court to defend him, and he was then arraigned and entered a plea of guilty. The court warned the defendant of the significance of the plea of guilty, but the defendant persisted in his plea, and it was accepted by the court and entered.

There is nothing in the law that holds it is error to appoint an attorney to defend a man charged with a crime unless it is done over his objection, and some exception must be taken to the court's action at the time. We so held in *People* v. *Montville,* 393 Ill. 590. There is no substance to this point.

The next error assigned is that counsel for plaintiff in error was incompetent. There is no bill of exceptions to substantiate this contention, and therefore the question has not been preserved for consideration. *People* v. *Childers,* 386 Ill. 312.

The third point is made that the court appointed a person to defend plaintiff in error who was also attorney for a joint defendant, and therefore represented conflicting interests. Since there is no bill of exceptions we have no means of knowing whether the interests of the two defendants were in conflict. In all of the cases called to our attention, where there was a conflict of interests, the appointment was made over the objection either of the defendant or of counsel. (*People* v. *Bopp,* 279 Ill. 184; *People* v. *Rose,* 348 Ill. 214.) There is no substance to this objection.

It is next claimed the plaintiff in error was held incommunicado from the day of his arrest until after his trial, a period of eighty-five days. There is absolutely nothing in the record to show this, and in the absence of a bill of exceptions the contention must be overruled.

Plaintiff in error also contends the court did not sufficiently explain the constitutional right of plaintiff in error to have a jury trial, and that he did not waive a jury trial. The law requires that the defendant be arraigned, and if he pleads not guilty the law fixes the method of trial. He must be tried by a jury unless he waives that right, in which event he can be tried by the court without a jury. In case, however, the defendant pleads guilty the law requires the court to explain the consequences of the plea. In this case the record shows the court did warn the defendant of the significance of the plea of guilty, but the defendant persisted in making it. When there is a plea of guilty accepted by the court such a plea automatically amounts to a waiver of a jury trial, and requires the court to render judgment and sentence, as if the defendant had been found guilty by a jury. Ill. Rev. Stat. 1945, chap. 38, par. 732.

There is a further and final contention that the plaintiff in error had been denied due process of law, under both the Illinois and the Federal constitutions. No errors other than those we have just discussed have been pointed out by plaintiff in error, and, in respect to those, he received the benefit of the provisions of the law. A general allegation of lack of due process, without specifying in what particular mode it was lacking, gives us no grounds to uphold such a contention.

No error appears in this case, and the judgment of the circuit court of Kendall county is affirmed.

*Judgment affirmed.*

Mr. JUSTICE FULTON took no part in the consideration or decision of this case.