(No. 46353.—

ELIZABETH M. JARIS, Ind. and as Adm'x of the Estate of Henry J. Jaris, Appellee, v. THE PUBLIC SCHOOL TEACHERS' PENSION AND RETIREMENT FUND OF CHICAGO, Appellant.

*Opinion filed September 17, 1974.*

Kirkland & Ellis, of Chicago (Thomas F. Scully, of counsel), for appellant.

Fisher and Sherman, of Chicago (Barry H. Sherman, of counsel), for appellee.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

Elizabeth M. Jaris, plaintiff, in her capacity as administratrix of the estate of her deceased husband Henry J. Jaris, and on her own behalf, filed an action in the circuit court of Cook County against the Public School Teachers' Pension and Retirement Fund of Chicago (hereafter Pension Fund). She sought an accounting to determine her pension benefits under the increased-payment option which she claimed her husband had elected, a mandatory injunction to compel the Pension Fund to increase the pension benefits payable to her, and a monetary judgment to compensate for the pension-payment deficiencies since her husband's death. The trial court granted relief to plaintiff holding section 17—120 of the Pension Code (Ill. Rev. Stat. 1971, ch. 108½, par. 17—120) unconstitutional as applied to plaintiff's husband. It further concluded that plaintiff's husband had properly exercised his statutory option of taking a lesser service retirement pension, thereby permitting an increased reversionary pension to plaintiff as designated beneficiary. A direct appeal has been taken to this court (50 Ill.2d R. 302(a)) challenging the validity of the trial court's ruling.

Jaris had been employed as a teacher and later as an assistant principal by the Chicago Board of Education. The uncontested facts relevant to this appeal are set forth in the trial court's order.

"4. On June 29, 1968, Jaris requested from defendant Pension Fund, and defendant sent to him, computations of his service retirement pension if he retired at the close of the 1968 or 1969 school year and a copy of the Pension Fund's Manual of Information. The Manual of Information is prepared by defendant Pension Fund and is revised and sent to each teacher-participant whenever the governing statute is amended.

5. On April 15, 1972, Henry J. Jaris applied to defendant Pension Fund for a full service retirement pension; on June 15, 1972, he was compulsorily retired from teaching service, and his application was approved by the Board of Trustees of defendant Pension Fund, which sent him monthly pension checks covering the period from the date of his retirement until the date of his death on December 12, 1972.

6. After his retirement Henry J. Jaris visited defendant's office and informed its agent that his service retirement pension checks had been incorrectly computed, and, on a later visit, informed defendant's agent that he desired to exercise the option, under Section 17—120 of the Illinois Pension Code, of taking reduced pension payments for himself during his lifetime in favor of an increased reversionary pension for his widow after his death."

A letter written by Jaris addressed to the Pension Fund several days before his death in December, 1972, expressed his desire to reduce his pension and increase the survivor's benefit. The letter was not mailed, yet the trial court held that it was a proper exercise of the option for an increased reversionary pension.

Section 17—120 of the Pension Code provided, in relevant part, that "Any contributor, *at least one year* prior to retirement on a service retirement pension, may exercise an option of taking a lesser amount of service retirement pension and providing with the remainder of his

equity *** a reversionary pension benefit for any person named in a written designation filed by the contributor with the board ***." (Ill. Rev. Stat. 1971, ch. 108½, par. 17—120.) (Emphasis added.) The trial court found that the italicized portion of the aforesaid statute setting forth the requirement that the option be exercised one year or more before retirement was an amendment to section 17—120 which became effective on July 22, 1971. This was about 11 months prior to Jaris's compulsory retirement from teaching service. The trial court thus concluded that the effective date of the amendment "arbitrarily and unreasonably deprived him of his right to exercise the option at a time when he was less than one year from compulsory retirement and there was no manner in which he could have complied with the terms of the amendment" thereby depriving him of due process of law.

The legislative history setting forth the option of a contributor to obtain a lesser pension thereby creating a greater reversionary benefit for a designated beneficiary may be traced to 1953. (Laws of 1953, p. 1920; see also Historical Note, S.H.A. (1959), ch. 122, par. 34—106, at p. 227.) At that time a teacher was required to exercise the option at least two years before retirement. In 1961 the provision at issue was redesignated as section 34—104 of the School Code. (Ill. Rev. Stat. 1961, ch. 122, par. 34—104.) The two-year requirement for exercise of the option by any contributor before retirement was retained. In 1963 the Pension Code was enacted and the two-year requirement was preserved. (Ill. Rev. Stat. 1963, ch. 108½, par. 17—120.) The legislature subsequently modified section 17—120 to provide that a contributor might elect to exercise the option at any time prior to retirement. (Ill. Rev. Stat. 1969, ch. 108½, par. 17—120.) The amendment to section 17—120 providing a one-year period now at issue was then adopted in 1971; and our present statute necessitates that the option be exercised at least six

months before retirement. Ill. Rev. Stat. 1973, ch. 108½, par. 17—120.

The inescapable conclusion to be drawn from the aforesaid modifications of section 17—120 of the Pension Code and its statutory predecessors is that the legislature manifested the intent that the option in question must be exercised at some point *prior* to retirement. The circumstances presented in this case evidence an intent by Jaris to exercise his statutory option *after* his retirement.

A statute is presumed to be valid (*Livingston v. Ogilvie,* 43 Ill.2d 9, 12; *North Shore Post No. 21 of the American Legion v. Korzen,* 38 Ill.2d 231, 233), and the burden is upon the party challenging the statute to establish its constitutional invalidity. (*Grenier & Co. v. Stevenson,* 42 Ill.2d 289, 291.) The complaint filed herein failed to raise the contention that a contributor would be denied due process of law by requiring him to exercise the option before retirement in order to obtain an enlarged reversionary pension for his beneficiary. Plaintiff's brief in this appeal does not even urge the acceptance of the constitutional basis upon which the trial court premised its decision. We find that it has not been demonstrated that the statutory requirement necessitating an exercise of the pension option before retirement is a denial of due process of law.

If we were to adopt the conclusion that the 1971 amendment to section 17—120 to the Pension Code imposing the one-year notification requirement was unconstitutional as applied to Jaris, it might be said that the relief which plaintiff seeks could not be granted. In *People ex rel. Barrett v. Sbarbaro,* 386 Ill. 581, 590, the court stated, "The effect of the enactment of an invalid amendment to a statute is to leave the law in force as it existed prior to the adoption of such amendment." (See also *Dee-El Garage, Inc. v. Korzen,* 53 Ill.2d 1, 10.) Thus, even if the one-year limitation is deemed unwarranted

under the circumstances, the former law which merely necessitated that notice be given prior to retirement would be controlling and it is uncontroverted that Jaris would not have been in compliance with the law as it existed before the 1971 amendment to section 17—120.

Plaintiff has not established any constitutional infirmity relating to section 17—120 of the Pension Code which requires the election of the statutory pension option set forth therein before retirement. Accordingly, the judgment of the circuit court of Cook County is reversed.

*Judgment reversed.*