GLADYS MIER, Plaintiff-Appellant, *v.* A. E. STALEY, JR., Deceased, *et al.*, Defendants.—(THE CITIZENS NATIONAL BANK OF DECATUR, Ex'r of the Will of A. E. STALEY, JR., Deceased *et al.,* Defendants-Appellees.)

(No. 12616;

Fourth District—May 8, 1975.

374

Harold F. Tenney, of Armstrong, Winters, Prince, Tenney, Featherstun, and Johnson, of Decatur, for appellant.

Samuels, Miller, Schroeder, Jackson & Sly, of Decatur; Ensel, Jones, Blanchard & LaBarre, of Springfield, and Seyfarth, Shaw, Fairweather & Geraldson, of Chicago (Jerald E. Jackson and Alfred B. LaBarre, of counsel), for appellees.

Mr. PRESIDING JUSTICE SIMKINS delivered the opinion of the court:

Plaintiff is appealing from the dismissal of certain counts of an amended complaint which alleged causes of action based on negligence by the defendants.

The complaint alleged that Ms. Mier was injured at the A. E. Staley Manufacturing Company when she fell off a manlift in the factory. The factory workers, members of the Allied Industrial Union, were on strike at the time of the injury. The directors and officers of the corporation, in response to this situation, decided to use office personnel to continue work at the factory. Ms. Mier had been employed as a clerk at Staley Manufacturing for 29 years.

In two counts Ms. Mier alleges that the directors and officers, by their official action, were negligent in directing office personnel to work in the factory knowing that the machinery there was dangerous to unexperienced persons. In two more counts she alleges that this action by the directors and officers was wilful and wanton negligence.

In separate counts she also alleges that Lumbermans, the general liability insurer of Staley Manufacturing, and Self-Insurers Service, the safety service organization of Staley, negligently performed safety inspections and thereby caused her injury.

She also alleges a products liability claim against the manufacturer of the manlift. This count was not dismissed and is not before us on appeal.

The counts against the directors, officers, insurer, and safety service organization were dismissed by the trial court on the ground that section 5(a) of the Workmen's Compensation Act (Ill. Rev. Stat. 1969, ch. 48, § 138.5(a)) barred a common-law negligence action against these parties. The trial court also found there was no just reason for delay of enforcement or appeal.

On appeal the plaintiff raises these issues: (1) Whether directors and officers are within the categories of persons granted immunity from suit for work-related injuries by the Workmen's Compensation Act, (2) If they are granted immunity, is the statute constitutional, (3) Whether the

statute can constitutionally grant immunity to a safety-service organization retained by the employer, (4) Whether the statute can constitutionally grant immunity to the insurer of the employer, (5) Whether it was proper for the trial court to stay plaintiff's discovery.

■■ Plaintiff's complaint alleges a work-related injury. Defendants' answers claim that the action is barred because of provisions of the Workmen's Compensation Act. That act does not bar every action arising from employment, only action against certain parties.

> "(a) No common law or statutory right to recover damages from the employer, his insurer, his broker, any service organization retained by the employer, his insurer or his broker to provide safety service, advice of recommendations for the employer or the agents or employees of any of them for injury or death sustained by any employee while engaged in the line of his duty as such employee, other than the compensation herein provided, is available to any employee who is covered by the provisions of this Act, * * *."

Ill. Rev. Stat. 1969, ch. 48, § 138.5(a).

A right of action is retained by the employee against other persons however. Ill. Rev. Stat. 1969, ch. 48, § 138.5(b).

The arguments in reference to the directors and officers of A. E. Staley Manufacturing Company will be considered first.

The statute bars actions against the employer, fellow employees and agents of the employer for injuries arising out of employment. Plaintiff first argues that directors and officers of the corporation do not fall within these categories. The issue, as it appears in the context of this case, is a question of first impression in this State.

Employer is defined in the Act as "Every person, firm, public or private corporation * * * who has any person in service or under any contract for hire, express or implied, oral or written * * *." Ill. Rev. Stat. 1969, ch. 48, § 138.1(a) 2.

Employee is defined as "Every person in the service of another under any contract of hire, express or implied, oral or written * * *." (Ill. Rev. Stat. 1969, ch. 48, § 138.1(b)2.)

Agent of the employer is not defined by the Act.

Plaintiff argues that the directors are not her employers because her employer is the corporate entity, A. E. Staley Manufacturing Company. Further, when acting in an official capacity, they are not co-employees because they have none of the characteristics of employees. Agents, it is urged, is synonymous with employees. A similar argument is presented as to the officers.

■■ Illinois adheres to the "dual capacity" doctrine in determining whether a person is an employee who may receive Workmen's Compensa-

tion. (*B. W. Sales Co. v. Industrial Com.*, 35 Ill.2d 418, 220 N.E.2d 405.) Under that doctrine a person who is an officer or director is not precluded from obtaining Workmen's Compensation benefits if he was acting in his capacity as an employee and not in his official capacity as an officer or director.

The obverse side of these decisions would be that such a person, in his official capacity, is the employer and therefore not entitled to benefits. Nothing in the Act would indicate that the definition of employer would differ depending on whether it was a question of obtaining benefits or obtaining immunity.

In *Ryan v. State Auto Parts Corp.*, 255 Ill.App. 422, the court denied compensation benefits to an executive manager. The court states, "The Workmen's Compensation Act contemplates the relation of master or employer, on the one hand, and servant or employee on the other. One who is an officer of a corporation, while acting as such, represents the corporation and his acts are the acts of the corporation. He makes the contracts of employment of the corporation with the employees, and it would be an obvious misnomer to call him an employee while so acting for the corporation. \* \* \*

'It is therefore generally held that executive officers of private corporations and members of partnerships are not entitled to compensation for injuries sustained in connection with the industry carried on by them, because a person cannot be at one and the same time employer and employee.'" *Ryan v. Auto Parts Corp.*, 255 Ill.App. 422, 424.

This reasoning applies with equal force to directors of the corporation.

Plaintiff argues that only the corporate entity is the employer and its immunity does not extend to its human instrumentalities. She argues that the corporate veil should not be pierced when the effect would be to extend immunity.

Even were this correct, it does not necessarily lead to the conclusion that officers and directors are not immune.

The statute also grants immunity to "agents" of the employer. No case has been found which interprets this word as it is used in this Act.

In other contexts, officers and directors are referred to as agents of the corporation. See 13 I.L.P. *Corporations* § 414 (1955), where it states:

"A corporation can act only through its authorized officers and agents \* \* \* and in its dealings with third persons it is represented by its board of directors or by officers or agents to whom the board has duly designated certain powers."

The word "agents" was not contained in the original act. It was added in 1969 by P.A. 76—282 § 1, effective July 1, 1969. In addition to "agents," the legislature extended immunity to certain other categories of persons.

This was apparently a legislative response to *Nelson v. Union Wire Rope Corp.*, 31 Ill.2d 69, 199 N.E.2d 769. In that case, the Illinois Supreme Court, interpreting the Florida Workmen's Compensation Act, held that the employer's insurer could be held liable, as a third-party tortfeasor, for damages resulting from a negligent safety inspection.

The legislative response was to clarify and extend immunity to persons not specifically mentioned by the prior Act.

Statutes should be construed so that no word is made superfluous and each has a purpose. (*Skillet Fork River Outlet Union Drainage District v. Fogle*, 382 Ill. 77, 46 N.E.2d 73.) The rule has particular force when the word is an addition to an existing statute.

██ In statutory construction, the purpose is to give effect to the intention of the legislature. (*In re Armour*, 59 Ill.2d 102, 319 N.E.2d 496.) It is apparent that the general purpose of the amendment was to clarify and enlarge the class of persons who are entitled to immunity from suit.

Directors and officers are not specifically included in the statutory definition of employer, although obviously they are closely identified with the employer as indicated by the cases dealing with the "dual capacity" doctrine. To hold that "agents" has no meaning in addition to the meaning of employer or employee would not be consistent with the rules of statutory construction.

 To hold that directors and officers, acting in their official capacities, are "agents" of the employer is fully consistent with the rationale of the Workmen's Compensation Act. The purpose of the Act is to provide employees with a prompt, sure remedy for their injuries and to require that the costs of industrial accidents be borne by the industry rather than its individual members. *O'Brien v. Rautenbush*, 10 Ill.2d 167, 139 N.E. 2d 222.

For these reasons, we hold that directors and officers acting in their official capacities, are granted immunity.

Plaintiff argues that this grant of immunity is constitutionally impermissible for want of due process and equal protection of the laws in violation of the fourteenth amendment of the United States Constitution, article I, section 2, of the Illinois Constitution of 1970 and article II, section 19, of the 1870 Illinois Constitution, and that it violates article I, section 12 of the 1970 Illinois Constitution; that the statute further violates article IV, section 22 of the 1870 Illinois Constitution or article IV, section 13 of the 1970 Illinois Constitution.

As a statute is presumed valid, the burden of proving unconstitutionality is upon the party challenging it. *Jaris v. Public School Teachers' Pension & Retirement Fund*, 58 Ill.2d 15, 317 N.E.2d 51.

██ The sum of these constitutional guaranties is that the legislature

may not act arbitrarily to make class legislation or deny a right to a remedy. Nor can it act arbitrarily so as to deny due process or equal protection. However, the legislature can reasonably pass laws in the exercise of the police power for the public good.

We consider that plaintiff's argument that this statute denies her due process is answered by the reasoning of the Illinois Supreme Court in *Moushon v. National Garages, Inc.*, 9 Ill.2d 407, 137 N.E.2d 842. In *Moushon*, the plaintiff claimed that the Workmen's Compensation Act violated due process rights if it was construed to bar a suit against the employer, which suit attempted to recover certain elements of damage not recoverable under Workmen's Compensation.

The court stated:

> "By the Workmen's Compensation Act, the legislature required the employer to give up certain defenses and required the employee to give up certain recoverable elements of damage of a common-law negligence action; and this we have held many times is a reasonable exercise of the legislature's police power for the promotion of the general welfare. [Citations.] This court has never considered one to have such a vested right in the common-law rules governing negligence actions as to preclude the legislature from substituting a statutory remedy of this type for the common-law remedy." *Moushon v. National Garages, Inc.*, 9 Ill.2d 407, 412, 137 N.E.2d 842, 845.

■■ Plaintiff asserts that classifying directors and officers as immune persons, rather than as third-party tortfeasors liable to suit, is arbitrary and capricious, a violation of equal protection. To be constitutional, classifications must be based on some real and substantial difference in persons and bear a rational relation to the purposes of the statute. (*Grasse v. Dealer's Transport Co.*, 412 Ill. 179, 106 N.E.2d 124.) As one of the purposes of the statute is to transfer the costs of injury from individual members to the industry as a whole, the classification is reasonable here.

Acceptance of plaintiff's argument would lead to more arbitrariness than its rejection. Directors and officers of a corporation could be sued for damages caused by their decisions, while persons who make exactly the same kind of decisions in a partnership or sole proprietorship would be shielded from liability because of their identity as employer.

The similarity between the officers and directors, on the one hand, and employers and employees, on the other, are such that it is not arbitrary to put them in the same classification.

■■ Whether a particular legislative enactment violates the special legislation provisions of the Illinois Constitution (article IV, § 22, Illinois

Constitution of 1870; article IV, § 13, Illinois Constitution of 1970), is a matter decided upon standards very similar to those involved in equal protection issues. In *Youhas v. Ice*, 56 Ill.2d 497, 500, 309 N.E.2d 6, 8, it was stated:

> "[T]he prohibition against special legislation does not mean that a law must affect every person in the State alike. Rather, it means that '\* \* \* a law shall operate uniformly throughout the State in all localities and on all persons in like circumstances and conditions. (*People ex rel Vermilion County Conservation Dist. v. Lenover*, 43 Ill.2d 209, 217, 251 N.E.2d 175.)' The authority of the legislature to make classifications is clear. 'If there is a reasonable basis for differentiating between the class to which the law is applicable and the class to which it is not, the General Assembly may constitutionally classify persons and objects for the purpose of legislative regulation or control, and may pass laws applicable only to such persons or objects. (*Hunt v. County of Cook*, 398 Ill. 412, 76 N.E.2d 48.)' *Bridgewater v. Hotz*, 51 Ill.2d 103, 111, 281 N.E.2d 317, 322."

Since these conditions are met, it is not special legislation.

Plaintiff also asserts that immunity results in a violation of the constitutional provisions giving every person a remedy for his injuries. Article 1, § 12, Illinois Constitution of 1970; article II, § 19, Illinois Constitution of 1870.

These sections do not require that any specific form of remedy be provided plaintiff; rather, they are the expression of a philosophy that some remedy be provided. *Sullivan v. Midlothian Park District*, 51 Ill.2d 274, 281 N.E.2d 659.

■■ Plaintiff can recover for her injuries through the comprehensive provisions of the Workmen's Compensation Act.

■■ For these reasons we hold that the trial court was correct in dismissing Counts IA and IB, which were based on the negligence of the officers and directors. Similarly, the counts alleging wilful and wanton negligence were properly dismissed because of the statutory bar. The Workmen's Compensation Act bars all suits for accidental injuries arising out of and in the course of employment. (Ill. Rev. Stat. 1969, ch. 48, § 138.2). It is generally held that injuries caused by wilful and wanton negligence of the employer are to be compensated by the Act; the only injuries, if any, outside the Act would be intentional torts. See 2 Larson, *Workmen's Compensation* § 68.13 (1973).

The trial court also dismissed the count which alleged that negligent safety inspections by Self-Insurers Service, Inc. (S.I.S.), proximately caused plaintiff's injuries. The court held that the action was barred by

section 5(a) of the Workmen's Compensation Act (Ill. Rev. Stat. 1969, ch. 48, § 138.5(a)).

The complaint alleges that S.I.S. is a safety service organization retained by the employer. As such, the statute clearly grants it immunity from common-law suit. The only question presented therefore is whether the statute is constitutional.

The statute provides that immunity is granted to:

> "the employer, his insurer, his broker, any service organization retained by the employer, his insurer or his broker to provide safety service, advice or recommendations for the employer or the agents or employees of any of them * * *." Ill. Rev. Stat. 1969, ch. 48, § 138.5(a).

The substance of plaintiff's argument is that it is arbitrary and unreasonable to provide immunity to anyone other than the employer and employees, and possibly the Workmen's Compensation carrier. Of course, the burden of proving that a statute is unconstitutional is upon the party asserting that position. *Jaris v. Public School Teachers' Pension & Retirement Fund*, 58 Ill.2d 15, 317 N.E.2d 51.

It is relevant here to examine the history of the statute to determine the purpose of the legislature and whether it has acted arbitrarily.

Prior to 1969, the statute provided immunity only to the employer and his employees. (Ill. Rev. Stat. 1967, ch. 48, § 138.5(a).) Additions were made as a legislature response to *Nelson v. Union Wire Rope Corp.*, 31 Ill.2d 69, 199 N.E.2d 769. In that case, the Illinois Supreme Court, interpreting the Florida Workmen's Compensation Act, held that the insurer of the employer, could be held liable as a third-party not granted immunity, for negligent safety inspection.

■■ In *Nelson*, the insurer had argued that it would be contrary to public policy to permit recovery because the effect would be to lessen safety inspections which ultimately would result in less protection to employees. The supreme court, in rejecting this contention, stated:

> "* * * whether we look to the law of Florida or Illinois, such a question of public policy is for the legislature not for the courts." (*Nelson v. Union Wire Rope Corp.*, 31 Ill.2d 69, 110-111, 199 N.E.2d 769, 792.)

It is presumed that the General Assembly acted with knowledge of the judicial decisions concerning prior and existing law. *Towns v. Kessler*, 10 Ill.App.3d 356, 293 N.E.2d 761.

■■ The legislature can exercise the police power for the protection of the health, safety and general welfare of the people. However, it cannot exercise these powers arbitrarily. *Grasse v. Dealer's Transport Co.*, 412 Ill. 179, 106 N.E.2d 124.

In determining the constitutionality of a statute, the court is not concerned with the wisdom of the legislation, and the General Assembly has wide discretion in exercising the police power. *Grasse v. Dealer's Transport Co.*

In *Reid v. Employers Mutual Liability Insurance Co.*, 59 Ill.2d 194, 319 N.E.2d 769, the Illinois Supreme Court, interpreting the Illinois law prior to the 1969 amendments, held that the employer's workmen's compensation carrier was immune from a suit based on a negligent safety inspection. This interpretation of legislative intent indicates the importance of safety inspections and their benefit to employees.

Acknowledging these considerations, plaintiff argues that extension of immunity to safety service organization is nonetheless an arbitrary classification.

"[T]he legislature has authority to make broad classifications and, as was declared in *Bagdonas v. Liberty Land and Investment Co.*, 309 Ill. 103 at 109. 'The legislature is not required to be scientific, logical or consistent in its classifications. In order to authorize a judicial review of such classifications it must clearly appear that there is no fair reason for the law that would not require with equal force its extension to others not included. The legislature may determine upon what differences a distinction may be made for the purpose of statutory classification, between provisions otherwise having resemblance, if such power is not arbitrarily exercised and the distinction has a reasonable basis. * * *.'" *Holiday Inns of America v. Industrial Com.*, 48 Ill.2d 528, 532, 271 N.E.2d 884, 887.

In *Allen v. Employers Service Corp.* (Fla. App. 1971), 243 S.2d 454, the Florida court held that a safety service company had the same immunity as the employer or his insurer for negligent safety inspections. To hold otherwise, the court said, would be an effective deterrent to using safety experts and would lessen the benefits of inspections to employees.

Plaintiff asserts there is no rational distinction between safety organizations employed by the employer and those employed by third parties, such as lessors or manufacturers of goods sold to the employer.

■■ The legislature has chosen to encourage the use of experts by granting to the safety organization the same immunity the employer has and there is a characteristic distinguishing Self-Insurers Service, Inc., from safety organizations employed by others. A grant of immunity to those safety services would extend to them an immunity their employer does not possess. We find that this is a distinction upon which it is rational to make classifications. Whether this is the best means of pro-

moting safety is not for us to say. That is the legislature's choice, and we find it is not arbitrary. As to the other constitutional issues raised, we find our discussion concerning these same issues in regard to the officers and directors to be dispositive.

Plaintiff's count against Lumbermens Mutual Casualty Company was also dismissed on the ground that the action was barred by section 5(a) of the Workmen's Compensation Act. The same constitutional issues are raised. A preliminary question, however, is whether Lumbermen's is within the categories of parties granted immunity.

The statute grants immunity to the employer's insurer. It does not specifically limit immunity to the Workmen's Compensation carrier. Lumbermens is the general liability carrier of the employer in this case. The alleged negligence is negligent safety inspections.

As the insurer of the employer, Lumbermens falls within the letter of the law. The basic rule in statutory construction is to determine the intent of the legislature. *In re Armour*, 59 Ill.2d 102, 319 N.E.2d 496.

In determining that intent, it is relevant to consider the history of the amendment. This legislature enactment was a response to an Illinois Supreme Court case (*Nelson v. Union Wire Rope*) which held that the employer's general liability and workmens compensation carrier would be liable for negligent safety inspections and that the Workmen's Compensation Act would be no bar. The statutory language, as amended, does not differentiate between the employer's workmen compensation insurer and the general liability insurer. This court has no power to restrict the plain meaning of an unambiguous statute. *Bovinette v. City of Mascoutah*, 55 Ill.2d 129, 302 N.E.2d 313.

■■ In view of the language of the statute, and its legislative history, we hold that the general liability insurer is immune from suit when the basis alleged is negligent safety inspections.

Plaintiff assets that the statute, as interpreted, is unconstitutional.

A primary doctrine in constitutional law is that a court will address constitutional questions only to the extent required by the case before it. (*Grasse v. Dealer's Transport Co.*, 412 Ill. 179, 106 N.E.2d 124.) In the case at bar, we are concerned only with whether the legislature may constitutionally grant immunity to the employer's general liability insurer for negligent safety inspections.

■■ The apparent purpose of the amendment is to promote industrial safety inspections. (*Towns v. Kessler*, 10 Ill.App.3d 356, 293 N.E.2d 761.) The legislature has the power to promote safety by whatever means are reasonable. Reasonable means are those appropriate to the purpose of the Act, and a court cannot declare a statute uncon-

stitutional merely on the basis that this might not be the best possible means. *People v. Warren*, 11 Ill.2d 420, 143 N.E.2d 28.

In *Reid v. Employers Mutual Liability Insurance Co.*, 59 Ill.2d 194, 319 N.E.2d 769, the supreme court stated that such inspections benefit the employees and, if liability were to result, it is likely that insurers would choose not to make them, thereby harming the employees.

■■ Since industrial safety is a legitimate legislature concern and this grant of immunity may improve safety, it was an appropriate measure to enact.

The final argument is that classifying general liability insurers with other immune persons is arbitrary and unreasonable.

An appellate court, in *Towns v. Kessler*, considered exactly this question in relation to workmen's compensation carriers. They state:

> "Insofar as we can determine, it would promote safety as effectively for insurers to make recommendations on safety practices or to install them as it would for others to do so. Since they are not mere volunteers or interlopers, but might be encouraged to do so by reason of a direct financial interest, it would appear to be logical to encourage them by an immunity from liability under the limited circumstances set forth in this amendment to the Workmen's Compensation Act." (10 Ill.App.3d 356, 361, 293 N.E.2d 761, 765.)

This reasoning is also applicable to the general liability insurer. We therefore hold that the classification is not arbitrary.

The final issue that is presented is whether it was error for the trial court to stay plaintiff's discovery against the defendants. Discovery was stayed under Supreme Court Rule 201(c)(1). (Ill. Rev. Stat. 1971, ch. 110A, § 201(c)(1).) That rule provides that the court may deny discovery as justice requires.

■■ The stay was ordered after the trial court had dismissed the complaint on the grounds that section 5(a) of the Workmen's Compensation Act barred the suit. Although leave was granted to amend the complaint, the amended complaint was also later dismissed on the same grounds. Under these circumstances, where the trial court had already dismissed the complaint, it was not an abuse of discretion to deny the extensive discovery requested until plaintiff's right to sue had been established.

For the foregoing reasons, the action of the trial court in dismissing plaintiff's complaint against the defendants must be affirmed.

Judgment affirmed.

GREEN and CRAVEN, JJ., concur.