THOMAS J. VILLA, Plaintiff-Appellant, v. ARTHUR RUBLOFF AND COMPANY OF ILLINOIS, Defendant-Appellee.

First District (5th Division)   No. 1—88—1397

Opinion filed May 19, 1989.—Rehearing denied June 20, 1989.

Tom Leahy and Stephen S. Phalen, both of Leahy & Conovan, of Chicago, for appellant.

Nicholis J. Stein, of Law Offices of James J. Des Veaux, of Chicago, for appellee.

PRESIDING JUSTICE MURRAY delivered the opinion of the court:

Plaintiff Thomas J. Villa appeals from entry of summary judgment in favor of defendant, Arthur Rubloff & Company of Illinois (Rubloff). The record indicates that in 1981, while employed by Evergreen Plaza Associates (Evergreen Plaza) as a security guard for its shopping center, plaintiff suffered permanent injury to his left hand after he fell on a staircase.

Evergreen Plaza, a limited partnership, and its insurer entered into a workers' compensation settlement with plaintiff. Rubloff, a corporation engaged in managing commercial, industrial, office, and residential properties, was not a party to the workers' compensation proceedings. Subsequent to his settlement, plaintiff filed a common law negligence action against Rubloff. Rubloff moved for summary judgment claiming that as an agent of plaintiff's employer, it is entitled to immunity under the exclusivity provision of the Workers' Compensation Act (Act) (Ill. Rev. Stat. 1981, ch. 48, par. 138.5(a)).

Prior to plaintiff's accident, Rubloff and Evergreen Plaza had entered into a management agreement under which Rubloff would manage the shopping center as an agent for the owner, Evergreen Plaza. Rubloff was authorized to lease (with Evergreen Plaza's prior written approval of each lease) and collect rentals; to employ, discharge, and pay all employees necessary for the care, management, or operation of the property, with such expenses being charged to Evergreen Plaza; to make ordinary repairs and necessary purchases; and to pay utilities and other necessaries from the collected proceeds.

Evergreen Plaza was responsible for all insurance coverage for itself and Rubloff, including workers' compensation, liability, and indemnification policies. Rubloff was not required to advance any funds for management purposes and, if it did, was entitled to interest thereon. The agent was also bound to follow the accounting procedures submitted by Evergreen Plaza's accountant. The owner was obligated to provide office space for management purposes and to pay for supplies, utilities, and management staff salaries. Rubloff, at its own expense, was required to hire a leasing solicitor. For these and other detailed services, Rubloff received a yearly management fee of $75,000 plus a commission for new leases at 40% of the agent's prevailing rate.

■ The sole issue in this appeal is whether Rubloff is an "agent" within the purview of the exclusive remedy clause of the Act, which provides:

"(a) No common law or statutory right to recover damages

from the employer, his insurer, his broker, any service organization retained by the employer, his insurer or his broker to provide safety service, advice or recommendations *for the employer or the agents or employees of any of them* for injury or death sustained by any employee \*\*\* is available to any employee who is covered by the provisions of this Act \*\*\*." (Emphasis added.) Ill. Rev. Stat. 1981, ch. 48, par. 138.5(a).

Plaintiff claims that the word "agent" in this provision does not include a management company such as Rubloff because such a meaning would grant immunity to all subcontractors. He further contends that "agent" has been judicially limited to members of a joint venture or partnership. (See, *e.g., Smith v. Metropolitan Sanitary District* (1979), 77 Ill. 2d 313.) In essence, plaintiff argues that since Rubloff is an entity separate and distinct from the limited partnership of Evergreen Plaza, it is not an agent and is subject to a common law action. According to plaintiff, "Illinois law holds that immunity bestowed to 'agents' stems from membership in the employer organization which is required to pay compensation under the act."

■ Ordinarily the question of whether a relationship is that of agent or independent contractor is a question of fact, unless the relationship is so clear as to be indisputable. (*Perkinson v. Manion* (1987), 163 Ill. App. 3d 262.) However, in the present case, plaintiff in his complaint labelled Rubloff as the managing agent of Evergreen Plaza and, further, stated in oral arguments before the trial court, that although Rubloff could be considered an agent in the traditional sense of the word, it was not an agent within the meaning of section 5(a) of the Act. Plaintiff's contention that Rubloff was not an agent at all, but was instead an independent contractor, was first mentioned in his appellate reply brief. In light of his arguments in the trial court, the issue of agency becomes one of law, *i.e.*, whether the relationship between Rubloff and Evergreen Plaza is one that is included in section 5(a), thus barring a common law negligence suit against agent Rubloff by an injured employee of the principal, Evergreen Plaza.

We agree with the trial court that Rubloff is an agent. We believe that one of the reasons there appears to be no Illinois case law on this precise issue is because there is no question that under the present circumstances, a property manager is clearly an agent for the property owner. Cases involving managing agents usually are concerned with the scope of the agent's authority; the fact of agency itself is not an issue. (See, *e.g., Peoples Gas Light & Coke Co. v. Barrett* (1983), 118 Ill. App. 3d 52 (management agent has inherent

authority to have gas service installed); *The Roscoe Co. v. Lewis University, College of Law* (1979), 79 Ill. App. 3d 1098 (no dispute that corporation hired to operate and maintain physical plant of university was an agent, and agent's employees were subagents who could contractually bind university).) In both of these cases, the agent was a separate entity.

According to the Restatement (Second) of Agency, it is inferred that a general grant of authority to manage a business includes those same duties outlined in the agency contract in the present case, *e.g.*, make contracts; employ, supervise, and discharge; receive payments for and pay debts of the principal; and direct the ordinary operations of the business; moreover, an agent can be in charge of the principal's entire business or only a part thereof. (Restatement (Second) of Agency §73 (1957).) Under Illinois law, an agent is one who acts under authority from another to transact business for him or manage his affairs and who is required to act for the other. (*Clapp v. JMK/Skewer, Inc.* (1985), 137 Ill. App. 3d 469.) Thus, plaintiff's untimely argument that Rubloff is not an agent in the traditional sense is without merit. Whether it is an agent within the statutory meaning requires an examination of case law and section 5(a) of the Act, since "agent" is not defined in the Act.

Plaintiff's claim that a separate entity cannot be protected by section 5(a) immunity overlooks the plain meaning of the statutory language and also misinterprets case law concerning this provision. The word "agents" is not limited or qualified in any way by the Act. The court in *Mier v. Staley* (1975), 28 Ill. App. 3d 373, held that under section 5(a), directors were agents of a corporation. In so holding, the court stated that it would be a misnomer to consider an officer to be an employee since such a person represents the corporation and his acts are the acts of the corporation. (*Mier*, 28 Ill. App. 3d at 378.) The *Mier* court noted that the word "agents" was added to the Act in 1969 (at the same time that employers' insurers were extended immunity), and that it should therefore be construed as not being superfluous: "[t]o hold that 'agents' has no meaning in addition to the meaning of employer or employee would not be consistent with the rules of statutory construction." (*Mier*, 28 Ill. App. 3d at 379.) The same reasoning is applicable to the present case. The legislature did not limit "agents" to only those included in the same entity.

Plaintiff's reliance on *Smith v. Metropolitan Sanitary District* (1979), 77 Ill. 2d 313, as support for his contention that for a separate entity to be an agent, it must be a member of a joint venture or

partnership of which the employer is also a member, is misplaced. The *Smith* court was concerned with determining whether an employee of a joint venture could assert a separate tort claim against a joint venturer under the dual capacity doctrine. In its analysis, the court in *Smith* shifted the focus of the doctrine from a position of determining whether the employer occupied a second independent role to one where "an exclusive concern" was whether the controversy involved separate legal entities. (*Toth v. Westinghouse Elevator Co.* (1983), 114 Ill. App. 3d 905, 908.) The *Smith* analysis regarding the dual capacity doctrine is not applicable to the question of whether an agent can be a separate entity.

Language cited by plaintiff as enunciated in the cases of *Laffoon v. Bell & Zoller Coal Co.* (1977), 65 Ill. 2d 437, and *Fried v. United States* (N.D. Ill. 1983), 579 F. Supp. 1212, is similarly inapplicable to the present case. Both of these cases used the term "immediate employees" in holding that employers of uninsured independent contractors were not immune to tort liability to an injured employee of the contractor under section 5(a). (*Laffoon*, 65 Ill. 2d at 447; *Fried*, 579 F. Supp. at 1218.) The *Fried* court further used the "immediate employee" test in determining that one of the defendants was not a joint venturer and was thus susceptible to a tort claim. In addition, the court in *Fried* found that another defendant was immune to suit since it was an agent, and relied on *Mier v. Staley* (1975), 28 Ill. App. 3d 373, for the proposition that "agents" includes those persons not specifically covered by the Act but are so closely related to the employer that granting immunity would be fully consistent with the Act. (*Fried*, 579 F. Supp. at 1224.) Noting that the defendant was not an independent entity, the court provisionally held it to be an agent pending reply from the plaintiff showing facts that would contradict the agency relationship.

We do not believe that any of these cases support plaintiff's argument that an agent cannot be a separate entity for purposes of workers' compensation. The relationship between Evergreen Plaza and Rubloff is clearly that of principal and agent in the traditional sense and is encompassed by the Act. To extend protection of section 5(a) to Rubloff does not contravene either the plain meaning of the word "agents" or the legislative intent behind the Act, which is "to provide employees with a prompt, sure remedy for their injuries and to require that the costs of industrial accidents be borne by the industry rather than its individual members." (*Mier*, 28 Ill. App. 3d at 379.) In return for this protection, an employee gives up his right to proceed at common law against his employer and certain others spec-

ified in the statute, such as agents. Here, plaintiff recovered compensation from his employer, Evergreen Plaza, and cannot now assert a claim against his employer's agent, Rubloff.

For the foregoing reasons, the trial court's grant of summary judgment to Rubloff is affirmed.

Affirmed.

PINCHAM and COCCIA, JJ., concur.